IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,265-02






EX PARTE IVORY DON MOORE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 3021064-B IN THE 147TH DISTRICT COURT


FROM TRAVIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to life imprisonment. The Third Court of Appeals affirmed his conviction. 
Moore v. State, 140 S.W.3d 720 (Tex. App. - Austin 2004, pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate and present documentation in support of testimony that Applicant was
repairing Gwen White's house at the time of the burglary. He further contends that counsel failed
to investigate and present police reports of another burglary.

 Concerning his first contention, Applicant maintains that the available documentation
included photographs of the repairs; White's Section 8 appointment reflecting an inspection date of
May 20, 2002; phone records of calls Applicant made from Home Depot on May 19, 2002; the
receipt for supplies he purchased from Home Depot on May 19, 2002; and security videotapes
showing Applicant at Home Depot at the time of the burglary.

 A review of the appellate record reflects that the State discredited defense witnesses'
testimony concerning Applicant's whereabouts at the time of the burglary by pointing out that the
defense had not produced any records of the alleged repairs or the Section 8 inspection. 
Documentation supporting these witnesses' testimony would have undermined the State's position
that Applicant and his friends had crafted a false alibi.

 Concerning his second contention, Applicant maintains that counsel failed to investigate and
present records of a burglary that was committed on May 10, 2002, nine days before this one, in a
manner similar to this one and in which the same blue car was used. Applicant maintains that he was
eliminated as a suspect in that case. A review of the appellate record reflects that the State
discredited Applicant's argument that he had sold the blue car before this offense and instead
connected Applicant to the blue car to help show his identity. Information that the same car had been
used in another, similar burglary and that Applicant had been eliminated as a suspect in that case
might have been favorable to Applicant in this case.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's current claims
of ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: March 5, 2008

Do not publish